UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

CHRISTOPHER M. ROEDER,

Defendant.

Criminal No. 18-30003-MGM

ORDER REGARDING CERTAIN MOTIONS *IN LIMINE*
(Dkt. Nos. 100, 106, & 127)

January 25, 2019

MASTROIANNI, U.S.D.J.

The court heard argument on the parties' motions *in limine* at the final pretrial conference on January 22, 2019. This order addresses three of the five motions.[1] In addition to the specific rulings below, the government must refer to the alleged victim in this case (N.P.) either by his name or as "the alleged victim" but not as "the victim."

### I. Government's Motion *in Limine* to Exclude Information Related to a Government Witness's Criminal History (Dkt. No. 127)

The government seeks to exclude evidence that (1) in the late 1980s, one of its witnesses was charged for operating to endanger lives and safety; the charge was continued without a finding and later dismissed; and (2) in the mid-1990s, a civil restraining order was issued against the witness. Defendant did not oppose the motion and does not plan to pursue questioning related to the charge or the restraining order, unless either is raised during trial. Thus, as the court ruled at the conference, the Government's motion to exclude information related to a government witness (Dkt. No. 127) is ALLOWED but may be revisited depending on the evidence introduced at trial.

---

[1] As explained at the pretrial conference, the court is reserving ruling on the Government's Motions *in Limine* to Exclude Certain Evidence Related to the Alleged Victim (Dkt. No. 97-1) and to Prohibit Defendant from Introducing Evidence for the Purpose of Jury Nullification (Dkt. No. 99).

## II. Government's Motion *in Limine* to Exclude Certain Information Related to Government Witnesses (Dkt. No. 100)

The government seeks to exclude certain information about three witnesses: former Hadley Police Department ("HPD") Sergeant Douglas Costa and former HPD Officers Courtney Call and Janelle Seitz. Specifically, the government seeks to exclude evidence that Sergeant Costa and Officer Seitz were involved in a high-speed chase as being irrelevant. In addition, Sergeant Costa was (and is) in a consensual, romantic relationship with Officer Call that began when he was her supervisor. The government does not object to introduction of their relationship for the purpose of showing bias, but the government objects to any implication that Sergeant Costa and Officer Call engaged in any misconduct in how or when they disclosed their relationship to the HPD.

Defendant opposed the motion, arguing that evidence of the high-speed chase and the relationship goes to credibility, truthfulness, and/or bias. As to the chase, Defendant contends its speed violated HPD policy and, importantly, Sergeant Costa's report about the speed contradicted statements made over the radio during the chase. At the pretrial conference, defense counsel reiterated in a general way he has a good faith basis to believe Sergeant Costa's report was falsely written as to speed. The government counters that Sergeant Costa and Officer Seitz did not violate any policy or engage in any misconduct. The government's request to exclude evidence of the high-speed chase is allowed but, based on defense counsel's good faith representations, is subject to reconsideration on the issue of whether Sergeant Costa falsely reported the speed of the chase in his report. Defendant is required to disclose—outside the jury's presence—the specific basis upon which he seeks reconsideration.

As to the relationship between Sergeant Costa and Officer Call, Defendant argues they did not comply with ethical obligations to affirmatively disclose their relationship and only disclosed it after Sergeant Costa's supervisor asked him about it. In addition, Officer Call was present during the incident between Defendant and N.P. and responded to N.P.'s injuries. She was subsequently

scrutinized about the sufficiency of her response, and Sergeant Costa was, to some degree, involved in the investigation. The government responds that neither Sergeant Costa nor Officer Call was aware of any requirement to disclose their relationship. They learned of such a requirement only after the HPD chief consulted legal counsel, at which point they completed paperwork disclosing it. Moreover, there was no fraternization policy in place when they began their relationship. As the government concedes, evidence of Sergeant Costa's and Officer Call's relationship is admissible because it shows bias. Defendant may explore—in a limited manner—these two witnesses' knowledge of and compliance with any rules or policies regarding disclosure of romantic relationships that existed at the time their relationship began.

Thus, the government's motion to exclude certain information related to Sergeat Costa and Officers Call and Seitz (Dkt. No. 100) is ALLOWED IN PART and DENIED IN PART.

### III.        Defendant's Motion *in Limine* Regarding Prior Bad Acts (Dkt. No. 106)

Defendant seeks to exclude certain evidence of his past conduct under Fed. R. Evid. 404(b). First, Defendant was allegedly involved in a use-of-force incident during a 2015 arrest. The government did not disclose the incident as one it intends to introduce and represented that, if it seeks to introduce evidence of the 2015 arrest, it will do so only for impeachment or on rebuttal. Accordingly, Defendant's motion *in limine* is allowed, subject to reconsideration if the need arises relative to impeachment or rebuttal.

Second, Defendant made a traffic stop in 2014 and arrested and charged the driver with operating under the influence. After stopping the vehicle, Defendant began to administer field sobriety tests. During the tests, Sergeant Costa arrived on the scene. Sergeant Costa later alleged Defendant arrested the driver without probable cause and made misrepresentations in his report. Sergeant Costa, though, may have acknowledged he had not been there for the beginning of the field sobriety tests. A supervisor warned Defendant to be careful to ensure his future reports are

3

accurate. Defendant contends he subsequently applied for a job with the Agawam Police Department. He was not hired after Sergeant Costa reportedly informed Agawam that Defendant had falsified a police report. Defendant further argues that a civil service hearing officer found Sergeant Costa's allegations to be unfounded. The government opposes the motion, arguing the alleged falsehoods in Defendant's report are relevant to Count II (18 U.S.C. § 1519) and show intent, knowledge, and/or absence of mistake.

Evidence related to the 2014 traffic stop, arrest, and report is excluded because it is inadmissible propensity evidence and unduly prejudicial. To the extent the government seeks to establish that Defendant knew police reports should be accurate, it has other methods of doing so (e.g., through its witnesses who will testify about police training and, if Defendant testifies, by asking him whether he knew police reports should be accurate—which appears obvious). This ruling is subject to reconsideration upon a showing of good faith and good cause.

Thus, Defendant's motion regarding prior bad acts (Dkt. No. 106) is ALLOWED.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge